MICHAEL E. KIRBY, Judge.
 

 | defendant, Housing Authority of New Orleans (“HANO”), appeals the trial court judgment awarding damages to plaintiffs for the wrongful death of Mrs. Winfret Bell. Because plaintiffs failed to prove that the defect on the defendant’s property caused the death of Mrs. Bell, we reverse the trial court judgment and render judgment in favor of HANO, dismissing plaintiffs’ claims.
 

 Mrs. Bell’s seven children filed a wrongful death and survival action against HANO, asserting negligence and strict liability theories of recovery. One of Mrs. Bell’s children, Janice Bell, died after this suit was filed, and her daughter, Kennita Bell, was substituted as a party plaintiff. In addition to Kennita Bell, the other plaintiffs are Brenda Bell Noel, Geraldine Bell, Barbara Bell, Donna Bell, Delores Bell Brown and Kerry Bell.
 

 Plaintiffs alleged that on November 8, 1995, Mrs. Bell was walking from one room to another in the apartment she rented from HANO when her shoe got caught in a broken threshold, causing her to fall forward and sustain severe injuries that resulted in her death that same day. Following trial, the trial court rendered | judgment in favor of plaintiffs and against HANO, and awarded the sum of $50,000.00 to each plaintiff and $7,001.60 in special damages. HANO filed a motion for new trial, which the trial court granted only for the purpose of clarifying that the sum of $50,000.00 awarded to each plaintiff
 
 *984
 
 was solely for the wrongful death of Mrs. Bell. The trial court stated that it found no evidence that plaintiffs are entitled to any award for Mrs. Bell’s survival action. In all other respects, the original judgment remained unchanged. HANO now appeals.
 

 The only witnesses testifying at trial were five of the seven plaintiffs. It is undisputed that Mrs. Bell was alone at the time of her alleged slip and fall accident. The testimony established that on November 8, 1995, Mrs. Bell’s granddaughter Kennita, went to her grandmother’s apartment after school, and became concerned when Mrs. Bell failed to respond to her knock on the door. Kennita summoned her mother, Janice Bell, and Kennita gained entrance to Mrs. Bell’s apartment through a window and opened the door for her mother. Kennita and Janice found Mrs. Bell face down on the floor with one of the bedroom slippers she was wearing stuck in a broken threshold between a bedroom and hallway. Janice Bell called 911, and paramedics and police responded. She also called other family members. Kennita testified that her mother, who died in 2006, had complained to HANO about the broken threshold, and that Ken-nita had accompanied her mother to the HANO office when the complaint was made. Kennita also stated that she overheard her grandmother calling the HANO office to complain about the broken threshold.
 

 | ¡¡Brenda Bell Noel, another one of Mrs. Bell’s daughters, testified that after receiving a call from her sister, Janice, she arrived at her mother’s apartment, and saw her mother face down on the floor with a slipper stuck in the broken threshold. The police were on the scene when she arrived. Mrs. Noel stated that she removed the slipper from her mother’s foot. She also testified that the threshold had been damaged for three to four months, and that she had personally complained about the threshold to HANO, the owner of the property, even though her mother and sister, Janice, had already done so. Mrs. Noel testified that a HANO representative told her that her mother and sister had already lodged complaints about the threshold.
 

 Donna Bell and Barbara Bell, daughters of the decedent, Mrs. Bell, both testified that when they arrived at their mother’s apartment, they saw her on the floor, face down, with one of her slippers caught in the threshold at issue. Donna Bell also testified that the photograph offered into evidence as Exhibit # 3 shows her foot pointing toward the broken threshold.
 
 [1]
 

 In addition to the testimony presented at trial, the plaintiff also introduced into evidence four exhibits. Exhibit # 1 is a bill for $4,001.00 from a funeral home, Exhibit # 2 is a photograph of Mrs. Bell taken after her fall and showing severe facial injuries, Exhibit # 3 is the aforementioned photograph of Donna Bell’s foot pointing at the broken threshold and Exhibit #4 is Mrs. Bell’s death certificate. I/The death certificate, signed by Orleans Parish coroner, Dr. Frank Minyard, lists Mrs. Bell’s cause of death as “hypertensive cardiovascular disease.”
 

 On appeal, HANO presents nine assignments of error. Because we find merit in two of the assignments of error addressing the issue of causation, we need not consider the remaining arguments.
 

 
 *985
 
 In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error/clearly wrong standard, which precludes the setting aside of a district court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety.
 
 Rando v. Anco Insulations, Inc.,
 
 2008-1168, 2008-1169, p. 29 (La.5/22/09), 16 So.3d 1065, 1087. As stated above, Mrs. Bell’s death occurred on November 8, 1995. Under the laws in effect on that date, a plaintiff is required to prove the following elements to prevail in a claim based on either negligence or strict liability: (1) that the thing which caused the damages was in the care, custody, and control (garde) of the defendant; (2) that the thing had a vice, ruin, or defect that presented an unreasonable risk of harm; and (3) that the vice, ruin, or defect was the cause-in-fact of the plaintiffs damages. La. C.C. article 2315; La. C.C. article 2317;
 
 Dupree v. City of New Orleans,
 
 99-3651, pp. 5-6 (La.8/31/00), 765 So.2d 1002, 1008, citing
 
 Sistler v. Liberty Mutual Ins. Co.,
 
 558 So.2d 1106 (La.1990) and
 
 Loescher v. Parr,
 
 324 So.2d 441 (La.1975).
 
 [2]
 
 In a negligence claim, a plaintiff has the additional burden of proving the | ^defendant knew or should have known of the defect.
 
 Mayfield v. State ex rel. Dept. of Transp. and Development,
 
 99-2246, pp. 4-5 (La.App. 1 Cir. 11/3/00), 770 So.2d 519, 522.
 

 Before discussing the evidence as to causation, we note that the evidence presented at trial was sufficient to prove that HANO had care, custody and control of the threshold as it was on HANO property. The evidence was also sufficient to prove that the threshold presented an unreasonable risk of harm in that it was not flush with the floor. As for the additional element necessary to prevail in a negligence action, i.e. that the defendant knew or should have known of the defect, the evidence established that HANO knew or should have known of this defect through numerous complaints registered by Mrs. Bell and other family members.
 

 Even though the evidence presented by plaintiffs was sufficient to prove the required elements other than causation, we conclude that the trial court erred in finding that plaintiffs carried their burden of proving that the defective threshold was a cause of Mrs. Bell’s death. The only evidence introduced at trial on the issue of causation was the death certificate signed by Dr. Frank Minyard, the Orleans Parish coroner. This evidence was introduced by the plaintiffs. Dr. Minyard listed the cause of Mrs. Bell’s death as “hypertensive cardiovascular disease.” The death certificate includes space for the listing of additional diseases, injuries or complications that caused or contributed to the death, but these spaces were left blank. There is no reference to a fall anywhere on the death certificate. |fiIn fact, in the section entitled “Manner of Death,” Dr. Minyard checked “Natural” and not “Accident,” which was one of the other choices.
 
 [3]
 
 Plaintiffs offered no medical evidence to controvert the coroner’s finding that the
 
 *986
 
 only cause of Mrs. Bell’s death was hypertensive cardiovascular disease.
 

 The trial court’s reasons for judgment included the finding that the plaintiffs carried their burden of proving that Mrs. Bell’s death occurred as a result of her tripping and falling on the defective threshold. This finding was clear error. The testimony presented at trial revealed that Mrs. Bell was already on the floor when she was found by her daughter, Janice, and her granddaughter, Kennita. Even accepting as true that Mrs. Bell tripped and fell on the defective threshold, there was no evidence presented at trial that a fall contributed to or caused her death. Because plaintiffs failed in their burden of proving that the defective threshold in the apartment owned by HANO was a cause of Mrs. Bell’s death, the trial court erred in rendering judgment in favor of plaintiffs and against HANO.
 

 For the reasons stated above, we reverse the trial court judgment in favor or plaintiffs and against HANO. We hereby render judgment in favor of HANO, and dismiss plaintiffs’ claims against HANO with prejudice.
 

 REVERSED AND RENDERED.
 

 [1]
 

 . In reasons for judgment, the trial court mistakenly stated that the photograph shows the decedent's shoe stuck in the portion of the threshold that was not flush with the floor. The shoe in the photograph was on Donna Bell’s foot, not the decedent’s foot. Also, the shoe in the photograph was not stuck in the threshold, but was pointing toward it.
 

 [2]
 

 . We note that La. R.S. 9:2800 was amended in 1995 to require actual or constructive notice of a defect as a prerequisite to claims against public entities for damages caused by the condition of things within its care and custody. The effective date of the amendment to La. R.S. 9:2800 was November 23, 1995. The Louisiana Supreme Court found the amendment to be a substantive change in the law, and not entitled to retroactive application.
 
 Jacobs v. City of Bunkie,
 
 98-2510 (La.5/18/99), 737 So.2d 14. Because Mrs. Bell's death occurred prior to November 23, 1995, the 1995 amendment to La. R.S. 9:2800 is not applicable in this case.
 

 [3]
 

 . The remaining choices were "suicide,” "homicide,” "pending investigation” and "undetermined.”